# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| Beyonka Wider, ) | |
| ) | |
| Plaintiff, ) | Civil Action No.: 3:17-cv-02117-JMC |
| ) | |
| v. ) | |
| ) | **ORDER AND OPINION** |
| Richland County School District One, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

This matter is before the court pursuant to Plaintiff Beyonka Wider's ("Plaintiff") Motion to Remand (ECF No. 7), and Defendant Richland County School District One's ("Defendant") Motion to Dismiss (ECF No. 5). For the reasons set forth below, the court **DENIES** Plaintiff's Motion to Remand (ECF No. 7), and **GRANTS** Defendant's Motion to Dismiss (ECF No. 5).

## I.   FACTUAL AND PROCEDURAL BACKGROUND

Defendant is a public school district located in Richland County, South Carolina, organized and existing under the laws of South Carolina. (ECF No. 1-1 at ¶ 2.) Plaintiff is a citizen and resident of Richland County, South Carolina. (*Id*. at ¶ 1.)

The dispute at issue in this case arises from Plaintiff's employment with Defendant. (ECF No. 5-1 at 1.) Plaintiff worked for Defendant as a High Schools That Work[1] program consultant with a ten-month contract. (*Id*. at ¶ 7.) Plaintiff has over fifteen (15) years of experience in the educational field and holds a Doctorate in Education Administration "for teaching and learning curriculum." (*Id*. at ¶ 5.) Throughout her employment with Defendant, Plaintiff has attended professional development events during the summer months, which are outside of her contract

---

[1] "High Schools That Work is the nation's largest school improvement initiative for high school leaders and teachers." (ECF No. 5-3.)

term.  (*Id*. at ¶ 10, 11.)  Because these events took place outside of Plaintiff's contract term, Defendant did not pay Plaintiff any wages or overtime payments for her attendance at these events. (*Id*. at ¶ 13, 14.)

On July 7, 2017, Plaintiff filed this action against Defendant in the Court of Common Pleas for the Fifth Judicial Circuit, asserting state law claims under the South Carolina Payment of Wages Act ("SCPWA") and for quantum meruit.  (ECF No. 1-1.)  On August 10, 2017, Defendant removed the action to this court on the ground of federal question jurisdiction.  (ECF No. 1.)

On August 17, 2017, Defendant filed a Motion to Dismiss, asserting that Plaintiff's claims, alleging state law causes of action, are preempted by the Fair Labor Standards Act ("FLSA"), and Plaintiff fails to assert facts sufficient to state a claim upon which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  (ECF No. 5-1 at 1.)

On August 23, 2017, Plaintiff filed a Motion to Remand, asserting that "Plaintiff's claims for violation of SCPWA and quantum meruit arise under South Carolina state law and must be adjudicated in state court because there is neither diversity or a federal question."  (ECF No. 7 at 1.)

On August 23, 2017, Plaintiff filed a response to Defendant's Motion to Dismiss, asserting that (1) Plaintiff has stated a plausible claim for violation under the SCPWA; (2) Plaintiff has stated a plausible claim for quantum meruit; (3) Plaintiff's claims are not preempted by the FLSA; and (4) Plaintiff does not assert any rights under the FLSA.  (ECF No. 8.)

On August 30, 2017, Defendant filed a response to Plaintiff's Motion to Remand, asserting that "Defendant properly removed this case on the ground of federal question jurisdiction because Plaintiff's Complaint seeks recovery of minimum wages and overtime pay, directly implicating

the FLSA, and because Plaintiff's allegations raise questions of exempt employee status and compensable time under the FLSA." (ECF No. 9 at 1.)

On August 30, 2017, Defendant filed a Reply to Plaintiff's response (regarding Defendant's Motion to Dismiss), largely re-asserting its position in its initial Motion to Dismiss. (ECF No. 10.)

## II.     LEGAL STANDARD

A party seeking to remove a case from state to federal court bears the burden of demonstrating that jurisdiction is proper at the time it files its petition for removal. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 73 (1996). If federal jurisdiction is doubtful, remand is necessary. *Mulchaey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994); *see Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232 (4th Cir. 1993) (noting Congress's "clear intention to restrict removal and to resolve all doubts about the propriety of removal in favor of retained state court jurisdiction").

The right to remove a case from state to federal court derives solely from 28 U.S.C. § 1441, which provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." *Id*. at § 1441(a). Moreover, in a case that does not contain an allegation of diversity citizenship between the parties, the propriety of removal is based on a district court's "original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States"—stated differently, the propriety of removal is based on whether a federal question has been presented. 28 U.S.C. § 1331. As an exception to the well-pleaded complaint rule, a defendant may properly remove a case wherein a plaintiff asserts claims that Congress has so

3

completely preempted "in a particular area that any civil complaint raising this select group of claims is necessarily federal in character." *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63-64 (1987).  If the plaintiff's demand "necessarily depends on resolution of a substantial question of federal law," federal question jurisdiction is appropriate. *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994).

A Rule 12(b)(6) motion for failure to state a claim upon which relief can be granted "challenges the legal sufficiency of a complaint." *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009) (citations omitted); *see also Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) ("A motion to dismiss under Rule 12(b)(6) . . . does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses.").  To be legally sufficient, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

A Rule 12(b)(6) motion "should not be granted unless it appears certain that the plaintiff can prove no set of facts which would support its claim and would entitle it to relief." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993).  When considering a Rule 12(b)(6) motion, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff. *Ostrzenski v. Seigel*, 177 F.3d 245, 251 (4th Cir. 1999). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556).

4

### III.     ANALYSIS

#### A. Plaintiff's Claim Under the SCPWA

The first dispute in this matter is whether Plaintiff's claim under the SCPWA is preempted by the FLSA.  The FLSA regulates the payment of employees as it relates to the establishment of a minimum wage and the requirement that qualifying employees who work more than forty (40) hours during a work week receive overtime payment.  *See* 29 U.S.C. §§ 206, 207.  Plaintiff asserts that she is not disputing the hourly rate at which she is compensated when she is compensated, and is not requesting to be paid for more than 40 hours of work during a work week. (ECF No. 8 at 6.)  Rather, Plaintiff argues "that there are times that she works, during summer months, where she is not compensated by Defendant for the work that she performs."  (*Id*.)  Plaintiff is therefore asserting that the FLSA does not apply and her causes of action are solely based on South Carolina state law.  (*Id*.)

Defendant contends Plaintiff's claim under the SCPWA should be dismissed because it is preempted by the FLSA.  (ECF No. 5-1 at 3.)  Pursuant to the Supremacy Clause of the Constitution, federal laws and regulations may preempt state laws in three ways: (1) express preemption, (2) field preemption, and (3) conflict preemption.  *Anderson v. Sara Lee Corp.*, 508 F.3d 181, 191 (4th Cir. 2007); U.S. Const. art. VI, cl. 2.  The Fourth Circuit Court of Appeals held that the FLSA's exclusive and comprehensive enforcement scheme[2] preempted state claims asserting rights conferred under the FLSA through conflict preemption.  *Id*. at 194 (citing *Kendall*

---

[2] "With respect to the minimum wage and overtime compensation requirements, the FLSA's enforcement scheme includes the provision of criminal penalties for willful violations; the empowerment of the Secretary of Labor to supervise payment of unpaid wages due and to bring actions for unpaid wages, liquidated damages, and injunctive relief; and the authorization for workers to file private actions, in state or federal court, to recover unpaid wages, liquidated damages, and costs and attorney's fees." *Anderson*, 508 F.3d at 192.

*v. City of Chesapeake*, 174 F.3d 437, 443 (4th Cir. 1999).  The court finds that the state law claims Plaintiff is asserting are preempted under the FLSA through conflict preemption, and thus jurisdiction is proper in this court.

The SCPWA provides that an "employer is not permitted to withhold or divert any portion of an employee's wages unless required or permitted to do so."  S.C. CODE ANN. § 41-10-40 (1976).  However, the basis for Plaintiff's SCPWA claim is her allegation that Defendant did not pay her for time she spent attending professional development trainings that were outside of her contracted employment term.  (ECF No. 1-1 at ¶¶ 13, 14.)  The FLSA directly addresses whether time spent by an employee in attending a training activity is considered compensable work:

> Attendance at lectures, meetings, training programs and similar activities need not be counted as working time if the following four criteria are met: (a) Attendance is outside of the employee's regular working hours; (b) Attendance is in fact voluntary; (c) The court, lecture, or meeting is not directly related to the employee's job; and (d) The employee does not perform any productive work during such attendance.  29 C.F.R. § 785.27.

Plaintiff's allegations do not raise the question of whether the manner in which she received her compensation was proper (which is addressed by the SCPWA), but rather, whether she was entitled to compensation.  District courts in the Fourth Circuit have consistently recognized that while the FLSA regulates the amount of wages and overtime pay, the "SCPWA governs the manner in which wages are paid, withheld, or disputed."  *Degidio v. Crazy Horse Saloon & Rest., Inc.*, C/A No. 4:13-cv-02136-BHH, 2015 WL 5834280, at *4 (D.S.C. Sept. 30, 2015); *see also Visco v. Aiken County*, S.C., 974 F. Supp. 2d 908, 920 (D.S.C. 2013) ("the purpose of the SCPWA is to protect employees from the unjustified and willful retention of wages by the employer.").  Specifically, Plaintiff asserts that she was entitled to compensation for her attendance at professional development events, a question directly addressed by the FLSA in 29 C.F.R. § 785.27.

### B. Plaintiff's Claim for Quantum Meruit

Plaintiff asserts that her quantum meruit claim seeks to recover for the value of her services rendered during the summer months outside of her contract period. (ECF No. 8 at 5.) Similar to her SCPWA claim, although not expressly claiming relief under the FLSA, Plaintiff seeks to recover for the time she spent at "many summits, conferences, and other work-related trainings during the months of June and July." (ECF No. 1-1 at ¶ 10.) Defendant contends that Plaintiff's claim for quantum meruit should also be dismissed because it too is preempted by the FLSA. (ECF No. 5-1 at 4.)

Where plaintiffs have alleged common law claims asserting rights granted under the FLSA, courts in the Fourth Circuit have repeatedly found those common law claims preempted by the FLSA. *See Anderson*, 508 F.3d at 194 ("deeming state claims to be preempted by the FLSA where those claims have merely duplicated FLSA claims"); *Degidio*, 2015 WL 5834280, at *13 (finding that a common law claim for unjust enrichment was preempted by the FLSA); *see also Nettles v. Techplan Corp.*, 704 F. Supp. 95, 100 (D.S.C. 1988) (awarding summary judgment to an employer on negligence claim as duplicative of FLSA claim, thereby implicitly ruling that negligence claim was FLSA-preempted).

Plaintiff's quantum meruit claim is duplicative of a FLSA claim for minimum wages for compensable time. (ECF No. 1-1 at 3-4.) Because Plaintiff asserts rights granted under the FLSA as the basis for her claim, her claim for quantum meruit is also preempted by the FLSA.

### C. FLSA Exemptions

While the court would have been willing to grant Plaintiff's request for leave to amend under Federal Rule of Civil Procedure 15(a) to show why Plaintiff's attendance at training

7

programs *could* be considered "compensable work" under 29 C.F.R. § 785.27 (b)-(d),[3] the court finds that Plaintiff falls within the professional exemption for teachers. Thus, Defendant cannot be held liable even if Plaintiff was able to prove violations of the FLSA.

Pursuant to 29 U.S.C.S. § 213(a)(1), the FLSA's minimum wage and maximum hour requirements do not apply to employees employed in a bona fide professional capacity, "including any employee employed in the capacity of academic administrative personnel or teacher in elementary or secondary schools." This exemption includes "any employee with a primary duty of teaching, tutoring, instructing or lecturing in the activity of imparting knowledge and who is employed and engaged in this activity as a teacher in an educational establishment by which the employee is employed." 29 C.F.R. § 541.303(a).

Any teacher holding a "teaching certification qualif[ies] for the exemption regardless of the terminology (e.g., permanent, conditional, standard, provisional, temporary, emergency, or unlimited) used by the state to refer to different kinds of certificates." *Id*. at (c). In South Carolina, any individual "who serves in a position designed for the support of the instructional program in a public school of this state must hold an appropriate South Carolina teaching credential." S.C. ANN. REGS. 43-50 (1999). Further, "teachers of skilled and semi-skilled trades and occupations" qualify for the exemption. 29 C.F.R. § 541.303(b).

Plaintiff's position, as alleged in her Complaint, falls squarely within the FLSA exemption for teachers. By the Motion filed contemporaneously with Defendant's Motion to Dismiss,

---

[3] Attendance at lectures, meetings, training programs and similar activities need not be counted as working time if: (b) Attendance is in fact voluntary; (c) The court, lecture, or meeting is not directly related to the employee's job; and (d) The employee does not perform any productive work during such attendance. Section (a) is not relevant because it is not disputed that attendance at these events were "outside of [Plaintiff's] regular working hours."

Defendant requested that the court take judicial notice of (1) Plaintiff's job titles listed on her employment agreements for all contract periods relevant to her claims, and (2) the content of the High Schools That Work program, which Plaintiff alleges she served as a program consultant. (ECF Nos. 5-2, 5-3, 6.)

Plaintiff asserts that she was employed as a program consultant for a career and technology education program, and holds a Doctorate for teaching and learning curriculum. (ECF No. 1-1 at ¶ ¶ 5-7.) Plaintiff's job title as listed in her employment agreements, for all contract periods relevant to her claims, provide that Plaintiff held an instructional support staff position for all times relevant to her allegations. (ECF No. 5-2.) Based on this position, South Carolina requires that Plaintiff hold a South Carolina teaching credential. S.C. ANN. REGS. 43-50 (1999).

Plaintiff's claim for relief is based on her allegation that she was not compensated for attending "education and business summits, annual High Schools That Work professional development conferences, and school district summer leadership institute events." (ECF No. 1-1 at ¶ 11.) Based on the facts as alleged by Plaintiff, Plaintiff is a professional employee pursuant to the FLSA, and specifically a teacher in accordance with 29 C.F.R. § 541.303. Therefore, Plaintiff is an exempt employee and Defendant cannot be held liable even if Plaintiff was able to prove violations of the FLSA.

## IV.     CONCLUSION

For the foregoing reasons, the court **DENIES** Plaintiff's Motion to Remand (ECF No. 7), and **GRANTS** Defendant's Motion to Dismiss (ECF No. 5).

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

October 10, 2017
Columbia, South Carolina

10